**LEVY, Appellee, v. FOLEY, et, Appellee, FOLEY, Appellant.**

Ohio Appeals, First District, Hamilton County

No. 6475. Decided February 5th, 1945

Messrs. Rosen & Rosen, Cincinnati, for Gerald Levy.
Mr. Samuel Plotnick, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.:

On June 30th, 1944, the Municipal Court entered a judgment by default against the appellant, which it had jurisdiction to do, providing the recital in the return of the summons that it had been served by leaving a true copy at his usual place of residence was true.

On August 29th, 1944, the defendant filed a motion to set aside the judgment on the ground that it had been irregularly entered, in that he had not been duly served with summons and had had no notice of the pendency of the action. This motion was supported by an affidavit that the summons was never served upon him, either personally or by leaving a copy at at his usual place of residence, and that he had a good defense to the action.

On September 16th, 1944, the Court made an entry in which it was recited that the Court had heard evidence and that: "The Court finds said judgment was entered at a former term and the motion filed after term. Wherefore the motion is overruled."

On September 22nd, 1944, the Court made this entry:

"This cause coming on to be heard on application of Counsel for Plaintiff to amend the entry of September 16th, 1944, bearing Minute Number 217, and it appearing that due to mistake said entry does not correctly set forth the proceedings and Order made therein, said entry is amended and corrected to read as follows: This cause coming on to be heard on the Motion of Elliot Foley, Defendant, to quash summons issued to him and the Motion thereon and to set aside the default judgment entered as to him, and counsel for the plaintiff having in open Court moved to strike from the files said Defendant's Motion to quash, vacate, etc., the Court being of the opinion that the matters sought to be reached by the Defendant's Motion should have been by petition, as the judgment had been rendered at a former term of this Court, and without considering any evidence on the matters set forth in the Defendant's Affidavit in support of his Motion, grants Plaintiff's Motion to strike Defendant's Motion from the files; Elliot Foley by his counsel, excepts."

Within twenty days notice of appeal was filed from that order to this Court.

(1) It is urged that the entry of September 22nd, 1944, should be regarded as having been entered on September 16th, the date of the entry which it was intended to correct. In other words, that it should be regarded as a nunc pro tunc entry. It should be observed that there is no recital that it was entered as of the earlier date. Furthermore, the two orders related to different subjects. The first entry related to the motion of the defendant, and recites that the court heard evidence. It shows that the court took jurisdiction, or, at least is ambiguous upon that subject. The second entry related to the plaintiff's motion to strike the defendant's motion from the files, which was not mentioned in the first entry. It clearly shows that the court refused to take jurisdiction of defendant's motion. This appeal is from the latter entry and raises issues not raised by the original entry. It shows that instead of the plaintiff's motion being considered on the merits, it was stricken from the files.

However, even assuming that the court intended to make the entry of September 22nd as of September 16th, it could have no effect on the time within which an appeal could be taken from the latter entry.

In 2 **O. Jur., 348,** it is said: "The Court cannot, by enter-

ing a nunc pro tunc order, defeat the right to take error proceedings; the time for taking the error proceedings will be computed from the date of the actual entry of the order or judgment." This was held in **Charles v Fawley, 71 Oh St., 50.**

And in **Perfection Stove Co. v Scherer, 120 Oh St., 445,** the Court stated at 449, that the nunc pro tunc order cannot extend the time for appeal "unless additional rights are created or an existing right denied by such nunc pro tunc entry, or unless the appeal or error proceedings grows out of such nunc pro tunc entry, as distinguished from the original order or entry." This, it seems to us, is another way of saying that the time for appeal cannot be extended by merely entering a duplicate order at a later date—which is not this case. This appeal grows out of the last order and it also denies rights which would otherwise have existed in favor of the appellant. It denied to him a hearing upon his motion to set aside the judgment on the ground of lack of service of summons.

The appeal was filed in time.

(2) It is urged that the appellant did not pursue the correct procedural method to have the judgment vacated, that he should have proceeded by petition, as provided in §11,635, GC, rather than by motion, as provided in §11,634, GC.

**Section 11,634, GC** inter alia, provides for the setting aside of judgments on motion, when there is an irregularity. Certainly, the entering of a judgment against a party over whom the court has not acquired jurisdiction is an irregularity—in fact, the greatest. And if the appellant had not been served with summons nor entered his appearance, as he avers, the Court had acquired no jurisdiction over his person, and any attempt to bind him by any action of the court would be vain. Any judgment pronounced against him would be utterly void and of no effect in the court assuming to render it and in every other jurisdiction. In every proceeding to enforce it, its invalidity could be questioned. This was decided in **Kingsborough v Tonsley, 56 Oh St., 450,** and **Hayes v Kentucky Joint Stock Land Bank, 125 Oh St., 359,** in which the court followed a well established rule. Certainly, the lack of service can be raised in the same Court in the same case, by motion, either before or after term.

As the court made no inquiry into the fact of service, we are not concerned here with the subject of the presumption of the truth of recitals on the record and the degree and kind

of proof required to overcome a finding of jurisdictional facts.

While the entry of September 22nd purports to be an amendment of the earlier entry, it, in legal effect, constitutes a setting aside of that entry and the entering of an entirely different order.

The order of September 22nd, to the extent that it strikes the defendant's motion from the files is reversed and said motion restored to the files for hearing upon the issue of service of summons.

The cause is remanded to the Municipal Court of Cincinnati for further hearing in accordance with law and this opinion.

ROSS, P. J., HILDEBRANT & MATTHEWS, J.J., concur in Syllabi & Opinion.