MATUSZEWSKI *v.* PANCOAST ET AL., APPELLANTS; PALUCHOVA ET AL., APPELLEES.

(No. 51846—Decided April 6, 1987.)

*Robert Walkowiak,* for John J. Matuszewski.
*James B. Koplow,* for appellants.
*Paul J. Mikus,* for appellees.

KRUPANSKY, J. Prior to addressing the substantive aspects of appellants' appeal it is necessary to evaluate appellees' motion to dismiss. Appellees filed a motion to dismiss for

failure to timely file a notice of appeal pursuant to App. R. 4(A). This motion was referred to the merit panel for disposition. The motion is hereby overruled determining appellants filed a timely notice of appeal. The substantive aspects of appellants' appeal can now be addressed.

Joseph Keller died intestate on January 25, 1983. Appellants Mary E. Pancoast and Clemens Yawaski (now deceased) were first cousins of the deceased. Appellants' father, Frank Jaworski (deceased), was the older brother of the deceased's mother, Marianna Keller, nee Jaworski (deceased). The foregoing relationships may be illustrated in the following manner:

Jaworski and Anna Jaworski were siblings of Frank Jaworski and Marianna Keller, nee Jaworski.

Appellees supported this claim by producing five baptismal certificates and a marriage certificate obtained from Saint Clement Roman Catholic Church, Wieliczka, Poland. The five baptismal certificates reflected the birth dates, baptismal dates and parents of Michal, Marianna, Klement, Anna and Frank Jaworski. The marriage certificate reflected the birth dates and marriage date of the siblings' parents, Miciej and Wiktora Jaworski. In short, the private church records established the lineal relationship between Miciej and Wiktora Jaworski, husband and wife, and

Subsequent to December 1983, attorney Paul Mikus filed with the probate court twelve powers of attorney for persons living in Czechoslovakia.[1] These twelve individuals (appellees) claimed to be heirs of the decedent, Joseph Keller. In this regard the appellees claimed Marianna Keller, nee Jaworski, was one of five siblings which included her brother, Frank Jaworski. Specifically, appellees proposed Michal Jaworski, Klement

Michal, Marianna, Klement, Anna and Frank Jaworski, children born of said marriage.

Appellees also produced several official birth, death and marriage certificates from the government of Czechoslovakia. These official public documents established appellees were either the children or grandchildren of the three siblings, Michal, Anna and Klement Jaworski.

Appellants objected to the intro-

---

[1] These twelve persons are as follows: (1) Josef Nemec, (2) Oldrich Nemec, (3) Rudolf Nemec, (4) Karel Nemec, (5) Jindrich Nemec, (6) Zdenek Nemec, (7) Frantiska Folwarczna, (8) Zdenka Dzidova, (9) Emilie Oralkova, (10) Karel Komender, (11) Danuse Burkotova, and (12) Jiri Wisniowski.

duction of the foregoing baptismal, marriage, birth and death certificates at a hearing before the probate court on November 1, 1985.

On December 10, 1985 the referee entered his report, finding the deceased, Joseph Keller, died unmarried and was the sole issue of Marianna Keller, nee Jaworski. The referee further found Marianna Keller, nee Jaworski, had a sister, Anna Jaworski, and three brothers, Klement, Michal and Frank Jaworski. The referee also found that appellees were the lineal descendants of Anna, Michal and Klement Jaworski. Consequently, appellees were heirs of the decedent and were thereby entitled to their statutory share of the estate.

Appellants filed a timely appeal[2] objecting to the introduction of the various baptismal, birth, death and marriage certificates.

Appellants' first assignment of error follows:

"The trial court erred in accepting unauthenticated private church records from Poland into evidence as proof of heirship in an action for determination of heirs."

This assignment of error is without merit.

Appellants contend the trial court erred in accepting several baptismal certificates and one marriage certificate for the purpose of determining appellants' father, Frank Jaworski, was one of five siblings which included the deceased's mother, Marianna Keller, nee Jaworski, Michal Jaworski, Klement Jaworski and Anna Jaworski. It is undisputed the baptismal certificates and marriage certificate are private records from a church in Poland, *viz.*, Saint Clement Roman Catholic Church.

The premise of appellants' contention is the foregoing private records were not authenticated by extrinsic evidence. Since these records were the only basis upon which the trial court could make such determination, the

---

[2] In this regard appellees' motion to dismiss for failure to timely file the notice of appeal pursuant to App. R. 4(A) is overruled.

Appellees' contention that the trial court entered the amended judgment entry to extend the appeal time for appellants fails to find support in the record.

Conversely, the record reveals the trial court acted *sua sponte* and did not act at the appellants' direction or upon either counsel's motion. The record further reveals the amended judgment entry deleted the last paragraph of the original entry. Lastly, any delusion the trial court acted to extend the appeal time for appellants is dispelled by the fact the trial court entered the amended judgment entry *within* the initial thirty-day appeal time while the trial court still retained jurisdiction of the within action and before an appeal had been filed. In this regard the record reveals the original journal entry was filed on February 18, 1986. On March 3, 1986, thirteen days after the original entry had been filed the court filed an amended journal entry. The appeal time under App. R. 4(A) relative to the *original* journal entry expired on March 20, 1986. Thereafter, appellees filed their notice of appeal on April 2, 1986, the final day to file under App. R. 4(A) relative to the amended journal entry of March 3, 1986. The record fails to reveal the reason for the trial court's action other than a genuine interest in correcting the journal entry; therefore, the appeal was timely filed.

Since an amended judgment entry serves to set aside an initial judgment entry, such earlier judgment entry, as here, does not affect the computation of time for appeal since it has no existence after the entry of the amended judgment provided the trial court has jurisdiction to make such entry. See *Zimmern* v. *United States* (1936), 298 U.S. 167; cf. *Levy* v. *Foley* (1945), 75 Ohio App. 220, 43 Ohio Law Abs. 66, 30 O.O. 557, 61 N.E. 2d 615.

trial court erroneously concluded Marianna, Michal, Anna, Klement and Frank Jaworski were all siblings.

The authority relied on by appellants in support of their contention is Evid. R. 902(3). Reliance on Evid. R. 902(3) is misplaced since such rule applies to only foreign *public* documents and the certificates in question are private in nature.

Appellees' baptismal and marriage certificates were properly authenticated pursuant to the requirements of Evid. R. 901(A) and (B)(8), which state as follows:

"(A) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

"(B) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

"* * *

"(8) Ancient documents or data compilation. Evidence that a document or data compilation, in any form, (a) is in such condition as to create no suspicion concerning its authenticity, (b) was in a place where it, if authentic, would likely be, and (c) has been in existence twenty years or more at the time it is offered."

As evidenced by the express language of Evid. R. 901(B)(8), authentication of ancient documents is contingent upon evidence sufficient to satisfy the following tripartite test: age, condition and custody.

Age, the initial express requirement of Evid. R. 901(B)(8), may be established "* * * 'by the testimony of a witness with knowledge, by expert testimony, by the physical appearance of the proffered evidence, or even by

the contents of the material itself together with surrounding circumstances' * * *" (footnote omitted). 1 Weissenberger, Ohio Evidence (1980) 44, Section 901.109. In short, "any reliable evidence may be utilized as long as it is probative of the age of the document in question" (footnote omitted). 1 Weissenberger, *supra,* Section 901.109, at 45.

The age requirement of Evid. R. 901(B)(8) in the case *sub judice* is satisfied by the content of the certificates themselves. Specifically, the faces of the baptismal and marriage certificates reflect the age of such ancient documents is between one hundred and one hundred twenty years old and, therefore, satisfy the twenty-year requirement set forth in Evid. R. 901(B)(8).

The condition requirement of Evid. R. 901(B)(8) in the case *sub judice* is also satisfied since the condition of the certificates raises no suspicion as to their authenticity. Specifically, there is no evidence the documents have been tampered with or altered. 1 Weissenberger, *supra,* Section 901. 109, at 45. The genuineness of the documents is further supported by the fact the documents were prepared prior to the inception of the controversy in the case *sub judice* and, therefore, there did not exist any motive for fraud or concealment.

The third and final requirement of Evid. R. 901(B)(8), custody, is also established in the case *sub judice.* In order to satisfy this requirement the evidence must reflect the document "was taken from a place where, if genuine, it would likely be. * * *" 1 Weissenberger, *supra,* Section 901.109, at 45. Moreover, "* * * [a]ppropriateness of custody will depend primarily on the nature of the evidence. * * *" 1 Weissenberger, *supra,* Section 901.109, at 45.

The custody requirement in the

case *sub judice* is satisfied since the documents in question, *viz.,* the marriage and baptismal certificates, were found in the possession of the place likely to have charge of such documents, *i.e.,* the church where the individuals in question were baptized and where their parents were married.

The marriage and baptismal certificates were properly authenticated since such documents satisfied the ancient documents rule set forth in Evid. R. 901(B)(8). Therefore, the trial court properly accepted such documents into evidence.

Appellants' second assignment of error follows:

"The trial court erred in that notwithstanding the authenticity of said private records, it permitted said records to be used as proof of matters which are hearsay, in that when admissible, such records are limited as proof only to the one express event for which the record was made."

This assignment of error is without merit.

Appellants proceed to contend in the event the documents were properly authenticated, as they were, their admissibility is limited to proof of the event for which they were made. In this regard appellants propose the baptismal certificates are admissible to prove only the fact and date of the baptisms and the marriage certificate is admissible to prove only the fact and date of the marriage. Appellants further contend these documents are not admissible as evidence of the lineal relationship of the individuals in question since it is as to this matter mere hearsay.

Appellants overlook, however, the hearsay exceptions for records of religious organizations, Evid. R. 803(11), marriage, baptismal and similar certificates, Evid. R. 803(12), and statements in ancient documents, Evid. R. 803(16). In this regard Evid.

R. 803 states in pertinent part as follows:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
"* * *

"(11) Records of religious organizations. Statements of births, marriages, divorces, deaths, legitimacy, ancestry, relationship by blood or marriage, or other similar facts of personal or family history, contained in a regularly kept record of a religious organization.

"(12) Marriage, baptismal, and similar certificates. Statements of fact contained in a certificate that the maker performed a marriage or other ceremony or administered a sacrament, made by a clergyman, public official, or other person authorized by the rules or practices of a religious organization or by law to perform the act certified, and purporting to have been issued at the time of the act or within a reasonable time thereafter.
"* * *

"(16) Statements in ancient documents. Statements in a document in existence twenty years or more the authenticity of which is established."

The rule, therefore, permits the certificates to be introduced into evidence to prove the truth of the matter asserted, *viz.,* the existence of a marriage between Miciej and Wiktora Jaworski and the children born of that union, *i.e.,* Michal, Marianna, Klement, Anna and Frank Jaworski.

Appellants' third and final assignment of error follows:

"The trial court erred in accepting public documents from Czechoslovakia into evidence where the translations of said documents from Czechoslovakia[n] into English were not properly certified."

This assignment of error is without merit.

Various birth, death and marriage

certificates issued by the Ministry of Home Affairs of the Czech Socialist Republic were the sole means employed by appellees to establish the individuals named in such certificates were either the children or grandchildren of Michal, Klement and Anna Jaworski and, therefore, were entitled to a share of the deceased's estate as heirs of the decedent.

Appellants contend the trial court erred in admitting into evidence such certificates since the certification attesting to the accuracy of the translation into English was not signed.[3] This contention is without merit. The head of the Department of Ministry of Home Affairs of the Czech Socialist Republic certified the certificates in question as being "true and exacts [*sic*] copies of the original record. * * *" The head of the Department of the Federal Ministry of Foreign Affairs, Alena Cermakova, then certified the authenticity of the signature and seal of the head of the Department of Ministry of Home Affairs. Thomas L. Delare, Consul of the United States of America at Prague, Czechoslovakia, then attested to the fact Alena Cermakova was an official of the Czechoslovak Ministry of Foreign Affairs.

The English translation attesting to the genuineness of the various Czech certificates was not signed. Appellant contends the absence of a signature relative to the English translation renders the documents inadmissible in accordance with Evid. R. 902(3). This contention is without merit. Evid. R. 902(3) deals solely with authentication of foreign public documents themselves and not with translations. Moreover, a presumption of authenticity would attach to the English translation which accompanied the documents given the unquestioned authenticity of the original documents. Since appellants failed to disprove the translation which could have easily been accomplished through the use of an interpreter, the third assignment of error is without merit. The trial court properly admitted into evidence the official Czechoslovakian birth, marriage and death certificates establishing that the children and grandchildren of Michal, Klement and Anna Jaworski were heirs of the decedent.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL, P.J., and CORRIGAN, J., concur.

---

[3] Appellants concede the documents comply with Evid. R. 902(3) in all other respects.