DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Richard Gene Lawler, appeals from the judgment of the Summit County Court of Common Pleas, adjudging him a sexual predator. We affirm.
 I.
On November 3, 1974, George Rook, a thirteen-year-old boy, stated to officers of the Akron Police Department that Mr. Lawler had taken him to a motel room, sexually assaulted him repeatedly, and forced him to engage in oral sex. George also stated that, after taking him to the motel, Mr. Lawler took him to a park, tying him naked to a tree and cutting him repeatedly with a knife. A jogger saw the situation and summoned help.
Daniel Shearl was reported missing to the Akron Police Department on September 15, 1975. The following morning Daniel returned home. Daniel stated that Mr. Lawler had abducted him, taken him to some woods behind a Baptist Temple, beaten him, and then forced him to sleep naked in the woods.
Mr. Lawler pleaded guilty to rape, in violation of R.C.2907.02(A) (1), in regard to the 1974 incident and to child stealing, in violation of R.C. 2905.04(A) (Repealed.), in regard to the 1975 incident on April 4, 1975. On August 18, 1975, Mr. Lawler was sentenced accordingly and adjudged to be a mentally deficient and psychopathic offender. See R.C. 2947.25 (Repealed.). The prison sentence imposed was suspended until Mr. Lawler recovered mentally.
On November 9, 1998, a hearing was held before the Summit County Court of Common Pleas to determine whether Mr. Lawler, who is currently incarcerated for the aforementioned crimes, is a sexual predator under R.C. Chapter 2950. At the hearing, retired Akron Police Officer Jack Dearmitt testified regarding his recollection of the facts surrounding Mr. Lawler's arrest. An investigative report, received by the Adult Parole Authority on June 6, 1977, describing the crimes to which Mr. Lawler pleaded guilty, was also admitted into evidence at the hearing. On November 12, 1998, the trial court journalized an order and finding that Mr. Lawler is a sexual predator. This appeal followed.
 II.
Mr. Lawler asserts two assignments of error. We will address them in reverse order to facilitate review.
A.
Second Assignment of Error
 Trial Court [sic] erred in finding Appellant to be a sexual predator based solely on hearsay evidence.
 Mr. Lawler argues that the trial court erred by considering hearsay evidence at the sexual predator hearing.
 Moreover, he asserts that the trial court's ruling was based solely on hearsay evidence, which was inadmissible due to its unreliability, and hence, must be reversed. We disagree.
Generally, hearsay is inadmissible. Evid.R. 802.
 Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise.
 Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of
 Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
State v. Cook (1998), 83 Ohio St.3d 404, 425.
The evidence considered by the trial court was not unreliable hearsay. Mr. Lawler concedes that reliable hearsay is admissible at a sexual predator hearing but contends that the Adult Parole Authority Investigator's Report, filed in 1977, is not reliable hearsay. We conclude, however, that such a document, due to its age and purpose, was not improperly considered reliable hearsay by the trial court. Moreover, the Rules of Evidence have long recognized the age of a document as an indicia of reliability, or, more precisely, indicative of a lack of motive to fabricate.Matuszewski v. Pancoast (1987), 38 Ohio App.3d 74, 77; see, also, Evid.R. 803(16). Although it is unclear from the record whether this document was properly authenticated and hence, whether it was admissible as an ancient document under Evid.R. 803(16), it was over twenty years old at the time of the sexual predator hearing, fulfilling the age requirement of the ancient document exception to the hearsay rule. Hence, we conclude that the trial court did not err in considering the document in question due to its age, purpose when written, and the lack of apparent motive to fabricate for use in the instant proceeding.
Mr. Lawler also challenges the testimony of Mr. Dearmitt as unreliable hearsay. Mr. Dearmitt had been involved with the investigation of the 1975 incident and, as such, became aware of the particulars of the 1974 incident. Such hearsay is, however, not excluded per se from the trial court's consideration in a sexual predator hearing. See State v. Udell (June 16, 1999), Medina App. No. 2921-M, unreported, at 3-4. Mr. Dearmitt conducted interviews with Mr. Lawler every day for a week. Moreover, the other information that Mr. Dearmitt testified to, although second and third hand, was gained through his role as an Akron Police Officer. Hence, we conclude that the information, to which Mr. Dearmitt testified, was not so unreliable as to mandate its exclusion by the trial court. Mr. Lawler's second assignment of error is overruled.
B.
First Assignment of Error
 The sexual predator adjudication was against the manifest weight of the evidence.
Mr. Lawler asserts that the trial court's decision, adjudging Mr. Lawler a sexual predator, is against the manifest weight of the evidence. He argues that the evidence was largely hearsay and that he was not shown to be a sexual predator by clear and convincing evidence. Hence, Mr. Lawler asserts that the trial court's ruling was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
When determining whether an offender, who has pleaded guilty or been convicted of a sexually oriented offense prior to the effective date of R.C. 2950.09 and is still in prison for the offense, is a sexual predator, a trial court must hold a hearing pursuant to R.C. 2950.09(B). R.C. 2950.09(C). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B) (1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B) (2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B) (3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The trial court did not act against the manifest weight of the evidence in adjudging Mr. Lawler a sexual predator. As noted above, the testimony and documentary evidence presented at the sexual predator hearing was not improperly considered by the trial court. Thus, the record shows that, although Mr. Lawler was young, in his early twenties, when he committed these acts, he was an adult at the time he committed each offense.[1] Mr. Lawler also committed two similar crimes within a little over a year of each other. Moreover, Mr. Lawler's victims were young, only thirteen and seven years old at the time of the crimes and, there is
 "overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's [sic] inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.)
State v. Osborne (July 28, 1999), Summit App. No. 18848, unreported, at 6, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported.
The crimes, although separated by over a year, were similar in design and execution. Both victims were young boys. In each crime the victim was taken to a wooded area and was forced to strip. Mr. Lawler also had in his possession, at the time of his arrest, newspaper clippings regarding the 1975 incident as well as the discovery of a fourteen-year-old boy's body in Stow.[2]
Mr. Lawler also committed acts of cruelty upon his victims in both crimes. In 1974, after repeatedly raping the boy, Mr. Lawler tied his thirteen-year-old victim nude to a tree and then cut the boy repeatedly with a knife. The following year, in 1975, Mr. Lawler took a seven-year-old boy to a wooded area, beat the boy, and then forced the boy to sleep nude with him. The cruelty of the aforementioned acts is indisputable. Hence, after thoroughly reviewing the record, we conclude that the trial court did not act against the manifest weight of the evidence when it concluded that, based on clear and convincing evidence, Mr. Lawler be adjudged a sexual predator.[3] Mr. Lawler's first assignment of error is overruled.
 III.
Mr. Lawler's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 WILLIAM G. BATCHELDER FOR THE COURT WHITMORE, J.
CONCURS CARR, P.J.
CONCURS IN JUDGMENT ONLY
[1] Mr. Lawler argues that, as he is presently in his forties and has not committed any offenses in over twenty years, the trial court should not have determined him to be a sexual predator. We conclude, however, that, as Mr. Lawler was in prison and, hence, incapacitated during this period, his lack of recidivism is of little evidentiary value.
[2] Mr. Lawler also was in possession of poems written by himself to the dead boy. Mr. Lawler was, however, not charged with the boy's murder.
[3] Mr. Lawler did not raise his mental condition, nor did the state. Hence, although that is listed as a factor under R.C.2950.09(B) (2), we have no record which to review on that issue.