O.B. CORPORATION, D.B.A. LINCOLN VILLAGE LANES, APPELLEE, *v.* CORDELL, D.B.A. CENTRAL OHIO RECEIVABLES CO., APPELLANT; CENTRAL OHIO RECEIVABLES CO., APPELLEE.

(No. 87AP-1184 — Decided April 21, 1988.)

*Vorys, Sater, Seymour & Pease,* *Thomas M. Taggart* and *William G. Porter,* for plaintiff-appellee.
*Tammy M. Cordell, pro se.*

MARTIN, J.  On October 19, 1987, plaintiff-appellee, O.B. Corporation, filed its complaint in the Franklin County Court of Common Pleas (case No. 87CV-10-6685) seeking a declaratory judgment and preliminary/permanent injunctive relief. Accompanying the complaint was plaintiff's motion for a preliminary injunction and a notice of hearing on same assigned for November 9, 1987.

Plaintiff attempted service of process on the defendants, Tammy M. Cordell, d.b.a. Central Ohio Receiv-

ables Co., and Central Ohio Receivables Co., through the clerk of courts by certified mail, return receipt requested. Civ. R. 4.1. However, the record reflects that all certified mail was returned as "unclaimed." The clerk noted "failures of service" as to both defendants, and so advised plaintiff's counsel on November 9, 1987. Plaintiff's counsel made no attempt to re-serve the defendants by ordinary mail per Civ. R. 4.6(D), or by any other means.

The trial court nonetheless proceeded to convene the preliminary injunction hearing on November 9, 1987, and in fact advanced same into a merits hearing. Civ. R. 65(B)(2). A permanent injunction thereafter issued by judgment entry entered November 12, 1987. Appellant filed her instant notice of appeal to this court on December 14, 1987.

Appellant raises three assignments of error, to wit:

"(1) The Trial Court committed prejudicial and reversible error by granting judgment to Plaintiff without service upon Defendant under Civ. Rule 4.1.

"(2) The Trial Court committed prejudicial and reversible error in granting judgment to Plaintiff without service upon Defendant, thereby violating Defendant's Constitutional rights to due process under the Fourteenth Amendment.

"(3) The judgment reached by the Trial Court is void and defective as a matter of law as no service was obtained upon Defendant."

Since all three assignments relate to the singular issue of service of process, same will be consolidated and considered together.

An essential purpose of *original* civil process is notification to the defendant of the existence of the proceeding and to afford him an opportunity to appear and defend. 76 Ohio Jurisprudence 3d (1987) 259, Process, Section 2. Further, the completion of such original process is essential to clothe the trial court with jurisdiction to proceed. *Baldine* v. *Klee* (1968), 14 Ohio App. 2d 181, 43 O.O. 2d 391, 237 N.E. 2d 905; and *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63, 65, 4 O.O. 3d 155, 156, 362 N.E. 2d 642, 643.

In Ohio, it is contemplated that original service of process be effected only through and by the clerk of courts. Civ. R. 4(B) *et seq.*; *Samson Sales* v. *Honeywell, Inc.* (1981), 66 Ohio St. 2d 290, 20 O.O. 3d 277, 421 N.E. 2d 522. Fundamental due process requires "notice" to the defendant sufficient to apprise him of the action's pendency so he may present his objections thereto. See *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333, 16 O.O. 3d 393, 405 N.E. 2d 1030; *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403, 16 O.O. 3d 436, 406 N.E. 2d 811; and *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d `49, 18 O.O. 3d 254, 413 N.E. 2d 1182.

As a general rule, before a personal judgment can be entered against a person, process must have been served upon him, *or* he must have entered an appearance in the action, *or* he must have affirmatively waived service. Absent any of these circumstances, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void *ab initio*. See *Lincoln Tavern, Inc.* v. *Snader* (1956), 165 Ohio St. 61, 65, 59 O.O. 74, 76, 133 N.E. 2d 606, 610-611; *Maryhew* v. *Yova* (1984), 11 Ohio St. 3d 154, 156, 11 OBR 471, 472, 464 N.E. 2d 538, 540; *Levy* v. *Foley* (1945), 75 Ohio App. 220, 30 O.O. 557, 61 N.E. 2d 615; *Shaman* v.

172

*Roberts* (1950), 87 Ohio App. 328, 330, 43 O.O. 50, 51, 94 N.E. 2d 630, 632; *Grant* v. *Ivy* (1980), 69 Ohio App. 2d 40, 23 O.O. 3d 34, 429 N.E. 2d 1188; and *Rondy* v. *Rondy* (1983), 13 Ohio App. 3d 19, 22, 13 OBR 20, 24, 468 N.E. 2d 81, 84.

In addition, the mere sending of "notices" of pretrial conferences or hearings to a defendant by a plaintiff's counsel or even the clerk when there has been no previous valid service of process upon the defendant, does *not* qualify as "service" within the meaning of the Civil Rules, and does *not* confer personal jurisdiction upon the trial court. *Harrell* v. *Guest* (1986), 33 Ohio App. 3d 163, 514 N.E. 2d 1137.

As observed *supra,* the record before us is devoid of any valid service of process having been successfully completed upon the defendants prior to the merits hearing convened on November 9, 1987. We conclude that the trial court therefore lacked jurisdiction over the defendants, and its November 12, 1987 judgment is void *ab initio.* Appellant's assignments of error are sustained.

Therefore, it is hereby ordered that the judgment of the trial court is reversed and vacated, and this cause is remanded to the trial court for further proceedings consistent herewith. Costs to plaintiff-appellee.

*Judgment reversed and cause remanded with instructions.*

STRAUSBAUGH and REILLY, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.