OPINION
Steven M. Wilson, the father of Jason and Nicholas Wilson, was murdered on August 3, 1996. Wilson's only heirs were Jason and Nicholas, who are autistic minors and require a very high level of care. The children's natural mother, from whom Wilson was divorced, is mentally ill and is unable to care for the children. Christina Johns, appellant herein, is Wilson's sister and the children's guardian.
While Wilson was living, Childrens Protective Services of Clermont County entered into an agreement with Wilson wherein he would stay at home and care for his sons rather than continue in his employment. This arrangement was made at the suggestion of Clermont County. If Wilson continued to work, then the county would have had to pay the cost of institutionalizing Jason and Nicholas. The cost of institutionalizing Jason and Nicholas exceeded the cost of paying Wilson to stay home and care for his children. This arrangement was mutually beneficial for both the county and Wilson and continued until Wilson died.
Since Wilson's death, Clermont County has continued to pay Johns and her sister, Ruth, to continue the in-home care of Jason and Nicholas. Johns and Ruth have jointly undertaken the responsibility of raising Jason and Nicholas. Ruth quit her job as a bookkeeper to stay at home with Jason and Nicholas.
Subsequent to Wilson's death, Johns filed a complaint, alleging the children to be dependent and requested interim custody. On September 10, 1996, a hearing was held to determine interim custody. At this hearing, the magistrate ordered that temporary custody be granted to Johns. The magistrate further ordered, sua sponte, that "Clermont County and related agencies will be subrogated to the estate assets of the father for all payments made on behalf of the children."
Johns filed a motion to set aside the portion of the entry which ordered that Clermont County be subrogated to the estate assets. Upon a hearing, the Clermont County Juvenile Court upheld the magistrate's decision, finding that "the evidence is clear that Petitioner and her sister are receiving the identical benefits received by the children's father when he was their full-time caretaker. However, in addition to these funds, Petitioner enjoys an additional income of $32,000 per year [Johns' income]." It is from this order of subrogation that Johns appeals.
Johns sets forth two assignments of error on appeal:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN HOLDING THAT THE STATE OF OHIO HAS SUBROGATION RIGHTS TO ASSETS OF A PARENT'S ESTATE UPON THE DEATH OF A PARENT WHEN THE STATE PROVIDES SERVICE TO THE CHILDREN OF THE DECEDENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN HOLDING THE ESTATE OF STEVEN WILSON LIABLE FOR THE COSTS OF SERVICES PROVIDED TO DECEDENT'S CHILDREN WHEN THE ESTATE WAS NOT A PARTY TO THE PROCEEDING.
Appellee did not file a brief, but instead filed a statement in which notice was provided to this court that appellee "takes no position with regard to the issues raised by Defendants-appellants herein and will abide by whatever decision this court renders."
Wilson's estate was not a party to the juvenile court proceeding in which the judgment appealed from was rendered. As a general rule, before a judgment can be entered against a person, process must have been served upon him, or he must have entered an appearance, or he must have affirmatively waived service. O.B. Corporation, d.b.a Lincoln Village Lanes v. Cordell (1988),47 Ohio App.3d 170, syllabus. The record is devoid of evidence that the executor of the estate of Wilson did any of the above. "Absent any of these circumstances, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio." Id.
Accordingly, this court finds that the magistrate acted without authority to order sua sponte that the state be subrogated to the father's estate. The judgment of the trial court is reversed and the language in the entry "Clermont County and related agencies will be subrogated to the estate assets of the father for all payments made on behalf of the children" is hereby set aside. Appellant's second assignment of error is sustained. Appellant's first assignment of error will not be addressed pursuant to App.R. 12(1)-(c).
Judgment reversed.
YOUNG, P.J., and POWELL, J., concur.