Simeon Crews ("Crews") filed a motion to vacate a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, adjudicating his daughter, Zaria Crews, a dependent child and placing her in the legal custody of her mother, Estella Crews. The basis of Crews's motion was that the trial court had lacked personal jurisdiction over him due to insufficiency of service of process. The trial court overruled Crews's motion, and this appeal followed.
Simeon and Estella Crews dissolved their marriage and entered into a shared parenting agreement, which provided that their daughter Zaria, born July 21, 1984, would live with Simeon Crews. On August 24, 1994, the Montgomery County Children Services Agency ("the agency") filed a complaint alleging that Zaria was a dependent child and seeking to have her placed in the legal custody of Estella Crews or in the temporary custody of the agency. According to the complaint, police officers had placed Zaria "into Agency possession" on August 23, 1994. On August 24, 1994, the trial court granted interim temporary custody of Zaria to the agency and scheduled a shelter care hearing for September 8, 1994 "as the father is contesting." On September 8, 1994, the trial court conducted a shelter care hearing, appointed Estella Crews as the temporary custodian of Zaria "pending the hearing on the Complaint," and scheduled an adjudication hearing for October 14, 1994 and a dispositional hearing for October 15, 1994. On October 14, 1994, the trial court continued the adjudication until November 22, 1994 and the disposition until November 23, 1994, noting, "no service on father." On November 3, 1994, a "Notice of Hearing for Publication in a Newspaper of General Circulation" was filed for the purpose of notifying Crews to appear on November 23, 1994 for the adjudicatory hearing and on November 24, 1994 for the dispositional hearing. This notice was not signed and did not indicate the date of issuance. The next day, an agency caseworker filed an affidavit stating that service by publication was necessary because Crews could not be located with reasonable diligence at his last known address of 608 Torrey Ct., Dayton, Ohio. According to the summary of docket and journal entries, a process server had been issued summons to serve on Crews on November 3, 1994, but a failure of service was noted on November 4, 1994 due to the process server's inability to locate Crews on three attempts. On November 14, 1994, proof of publication in the Daily Reporter was filed. On November 22, 1994, the trial court adjudicated Zaria a dependent child and, pursuant to what the trial court described as the parties' waiver, conducted the dispositional hearing that same day. In an entry dated December 5, 1994, the trial court placed Zaria in the legal custody of Estella Crews and denied visitation rights to Crews.
In August 1996, Estella Crews filed a motion for child support, which was decided by a magistrate in an entry dated March 20, 1997. Also in March 1997, Crews filed a motion for an order establishing his visitation rights, and the parties reached an agreement on visitation in June 1997. On July 1, 1997, Estella Crews filed a motion to show cause why Crews should not be held in contempt for failure to comply with the child support order. Following the magistrate's December 11, 1997 decision regarding child support, Crews filed a motion to vacate the 1994 order finding Zaria to be a dependent child and placing her in the legal custody of her mother due to "insufficiency of service of process." On January 28, 1998, the magistrate ruled on the other aspects of Crews's January 6 motion, but did not address his challenge to the trial court's personal jurisdiction over him. It appears that the magistrate ruled against Crews on his jurisdictional challenge at a hearing conducted on September 11, 1998.
On October 1, 1998, Crews filed "Objections and Motions for Determination of Void Judgment," claiming that the magistrate should not have overruled his motion to vacate because the trial court had not obtained personal jurisdiction over him and that the magistrate had had "no authority to hear or determine a motion to vacate or find a judgment [a] nullity absent a special order of reference." Crews argued that, pursuant to R.C.2151.28, R.C. 2151.29, Juv.R. 15, Juv.R. 16, and Civ.R. 4.1, the agency had been required to serve him with a summons and a copy of the dependency complaint and that the notice by publication had been inadequate because the agency should have known his home and work addresses as had other government agencies that had contacted him at his home address. Crews further complained that the notice by publication had been defective because it had stated that the adjudicatory hearing would occur on November 23, 1994 and the dispositional hearing would occur on November 24, 1994 when both hearings actually took place on November 22, 1994. Based on these alleged defects in service, Crews contested the trial court's personal jurisdiction over him.
On January 28, 1999, the trial court dismissed Crews's October 1, 1998 motion. Relying on In re Jennifer L. (May 1, 1998), Lucas App. No. L-97-1295, unreported, the trial court stated:
 Even assuming that the service was insufficient, it is clear that Mr. Crews has waived his claim on this issue. A motion claiming insufficiency of service of process attacks the personal jurisdiction of the Court over the movant. Under Civil Rule 12(H), a party must assert such defense in his first pleading, motion, or appearance; otherwise, he waives his right to do so at a later time.
* * *
 Mr. Crews' actions constituted a waiver of the service issue. The record is ambiguous as to whether or not Mr. Crews actually appeared at the November 1994 adjudicatory and dispositional hearings. However, it appears that Mr. Crews was properly notified of the Shelter Care hearing that occurred in September 1994. In fact, that hearing was continued once due to the fact that Mr. Crews wished to contest the Shelter Care issue. Furthermore, the record is replete with various motions filed by Mr. Crews between 1994 and the present. His failure to raise the service issue until now, nearly four years later, constitutes a waiver.
Crews filed a notice of appeal, and he raises a single assignment of error.
 THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT HAD WAIVED HIS RIGHT TO NOTICE AND THE OPPORTUNITY TO BE HEARD RELYING ON IN THE MATTER OF: JENNIFER L., SIXTH APP. LUCAS COUNTY NO. 2-97-1295, MAY 1, 1998. THE CASE IS CLEARLY DISTINGUISHABLE.
Crews argues that because the trial court lacked personal jurisdiction over him, the December 5, 1994 judgment was void.
In Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156-157, the supreme court explained:
 It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.
* * *
 In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense.
* * *
 Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service. (Citations and footnote omitted.)
If a defendant is not served with process, does not enter an appearance in the action, and does not waive service, "the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio." O.B. Corp. v. Cordell (1988),47 Ohio App.3d 170, 171. The party commencing the action bears the burden of ensuring proper service of process. Marsh v.Vigluicci (Mar. 20, 1998), Portage App. No. 97PA0076, unreported.
Pursuant to the versions of R.C. 2151.28(C) and Juv.R. 15(A) effective at the time of the dependency proceedings, when a complaint is filed in juvenile court, the court shall cause the issuance of a summons directed to the parents requiring them to appear for a scheduled hearing. See, also, Civ.R. 4(A). A copy of the complaint must accompany the summons. R.C. 2151.28(C); Juv.R. 15(A). The summons must contain the statements described in Juv.R. 15(B) and R.C. 2151.28(D). R.C. 2151.29 also describes the procedure for service of summons in juvenile court:
 Service of summons, notices, and subpoenas, prescribed by section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence. If the juvenile judge is satisfied that such service is impracticable, he may order service by registered or certified mail. * * *
 Whenever it appears by affidavit that after reasonable effort the person to be served with summons cannot be found or his post-office address ascertained, whether he is within or without a state, the clerk shall publish such summons once in a newspaper of general circulation throughout the county. The summons shall state the substance and the time and place of the hearing, which shall be held at least one week later than the date of the publication. A copy of the summons and the complaint shall be sent by registered or certified mail to the last known address of the person summoned unless it is shown by affidavit that a reasonable effort has been made, without success, to obtain such address.
 A copy of the advertisement, summons, and complaint, accompanied by the certificate of the clerk that such publication has been made and that such summons and complaint have been mailed as required by this section, is sufficient evidence of publication and mailing. When a period of one week from the time of publication has elapsed, the juvenile court shall have full jurisdiction to deal with such child as provided by sections 2151.01
to 2151.99, inclusive, of the Revised Code.
See, also, former Juv.R. 16(A), which addresses service by publication and requires that, before service by publication can be made, the party or his counsel must file an affidavit expressing that the other party's residence in unknown and cannot be ascertained with reasonable diligence.
Except as otherwise provided in the juvenile rules, the summons shall be served pursuant to Civ.R. 4(A), (C), and (D), 4.1, 4.2, 4.3, 4.5, and 4.6. Juv.R. 16(A). The version of Civ.R. 4.1(A) effective at the time of the proceedings on the dependency complaint provided, in pertinent part:
 (1) Service by certified mail. Evidenced by return receipt signed by any person, service of any process shall be by certified mail unless otherwise permitted by these rules. * * *
 The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received by him. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. He shall enter the fact of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action.
Former Civ.R. 4.1(2) set forth the procedural requirements for personal service:
 When a plaintiff files a written request with the clerk for personal service, service of process shall be made by that method.
 When process issued from * * * a court of common pleas * * * is to be served personally, the clerk of the court shall deliver the process and sufficient copies of the process and complaint, or other document to be served, to the sheriff of the county in which the party to be served resides or may be found * * * [or] to any person not less than eighteen years of age, who is not a party and who has been designated by order of the court to make service of process. Such person serving process shall locate the person to be served and shall tender a copy of the process and accompanying documents to the person to be served. When the copy of the process has been served, the person serving process shall endorse that fact on the process and return it to the clerk who shall make the appropriate entry on the appearance docket.
 When the person serving process is unable to serve a copy of the process within twenty-eight days, he shall endorse that fact and the reasons therefor on the process and return the process and copies to the clerk who shall make the appropriate entry on the appearance docket. In the event of failure of service, the clerk shall follow the notification procedure set forth in subsection (1) of this rule. Failure to make service within the twenty-eight day period and failure to make proof of service do not affect the validity of the service.
The record in this case does not contain evidence that the summons and a copy of the dependency complaint were delivered to Crews or that the trial court determined that such service was impracticable. See R.C. 2151.29. Additionally, the record is devoid of evidence that service of the summons and a copy of the dependency complaint was attempted by certified mail. See former Civ.R. 4.1(1). The publication notice, even if procedurally appropriate, was in fact inadequate because it stated that the dependency proceedings would occur November 23 and 24, 1994, when in fact, they were conducted and concluded November 22, 1994. Furthermore, the record does not suggest that Crews voluntarily appeared before the juvenile court or that he committed any acts constituting an involuntary submission to its jurisdiction, i.e., that he waived service of process. See Maryhew,11 Ohio St.3d at 156-157. Indeed, the first affirmative demonstration on this record of Crews's participation in the juvenile court proceedings was his October 25, 1996 motion for a continuance of the child support hearing. We do not consider this act, occurring more than twenty-two months after the conclusion of the 1994 dependency proceedings, to have waived the trial court's lack of personal jurisdiction over him regarding the dependency proceedings. An appearance subsequent to the entry of a default judgment is irrelevant to the determination of whether service was obtained.Ohio Leitina Co. v. Vandra Bros. Constr. Inc. (Nov. 12, 1998), Cuyahoga App. No. 72616, unreported.
This case is distinguishable from Jennifer L., supra, because although the father in Jennifer L. had not received proper service of notice of earlier temporary custody proceedings, he had been properly served with notice of the permanent custody proceedings and had appeared in court upon receiving such notice, requesting appointed counsel for the permanent custody hearing. Appointed counsel then appeared at the permanent custody hearing, pointed out that the father had not been properly served with notice of the temporary custody proceedings, but neglected to argue that the lack of proper service had deprived the trial court of personal jurisdiction over him. The appellate court in Jennifer L. thus concluded that the father had waived the issue of lack of personal jurisdiction when his appointed counsel had proceeded to represent his interests at the permanent custody hearing without moving for dismissal for lack of personal jurisdiction. In this case, however, the record does not demonstrate that Crews was notified of any of the dependency proceedings or that he or counsel representing his interests appeared at any such proceedings. Although the trial court continued the dependency proceedings until September 8, 1994 "as the father is contesting," the entry scheduling the September 8, 1994 hearing was not filed until September 9, 1994. As such, we cannot ascertain whether Crews received prior notice of the September 8, 1994 hearing. Furthermore, the record does not disclose the juvenile court's basis for stating that "the father is contesting." Because the record does not demonstrate that Crews was properly served with notice of the dependency proceedings, that he voluntarily appeared before the juvenile court for the dependency proceedings, or that he waived his right to contest the juvenile court's lack of personal jurisdiction over him, the juvenile court did not have personal jurisdiction over Crews, and its judgment finding Zaria to be a dependent child and placing her in the temporary custody of her mother was void.
The assignment of error is sustained.
The judgment of the trial court finding Zaria to be a dependent child and placing her in the temporary custody of her mother will be reversed.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Johnna M. Shia
Gregory J. Corbin
Hon. Michael B. Murphy