JOURNAL ENTRY and OPINION
Defendants-appellants Robert and Wilma Franklin appeal from the order of the Cleveland Municipal Court rendering judgment in favor of plaintiff-appellee Cresthaven Development, Inc. on its complaint for forcible entry and detainer.
Appellants assert the trial court did not act properly in its effort to acquire personal jurisdiction over them. Appellants further assert the trial court's ultimate adoption of the magistrate's report without sufficient factual findings constituted error. This court finds appellants' first assertion to be unsupported in the record. However, appellants' second assertion has merit; therefore, the order of the trial court is reversed.
The App.R. 9(A) record reflects appellee filed its complaint for forcible entry and detainer against appellants on January 11, 1999. Appellee alleged appellants had unlawfully been on the premises located at 3977 East 186th Street since January 8, 1999. Appellee attached to its complaint as exhibits copies of both the written thirty-day notice to leave the premises served upon appellants on November 24, 1998 and the written three-day notice to leave the premises served upon appellants on January 4, 1999.
The record reflects the trial court issued a summons to each appellant on January 12, 1999. According to the docket entries, each summons was issued by both regular mail and certified mail. The record fails to reflect how service of each summons eventually was made.[1]
On February 1, 1999 a hearing was held on the matter before a magistrate. Appellants did not appear; however, they were represented by counsel at the proceeding. No court reporter was present; therefore, no transcript of the hearing exists.
The magistrate's decision simply indicates a judgment for appellee was granted on its complaint and a writ of execution was to issue. Appellants were to vacate the premises on February 22, 1999 and, further, were referred to the Department of Aging. The magistrate's "decision and judgment entry" thereafter was signed by the trial judge and filed for journalization on February 4, 1999.
On February 23, 1999 appellants filed their notice of appeal in this court. The trial court subsequently granted appellants' request for a stay of execution of the judgment.[2]
Appellants present two assignments of error for this court's review. The first states:
 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT/APPELLANTS WERE PROPERLY SERVED WITH SUMMONS PURSUANT TO O.R.C. § 1923.06(A) AND THAT THE TRIAL COURT HAD JURISDICTION TO RENDER JUDGMENT IN A FORCIBLE ENTRY AND DETAINER CASE AND FURTHER ERRED IN GRANTING A WRIT OF RESTITUTION IN FAVOR OF PLAINTIFF/APPELLEE.
Appellants assert the trial court acted improperly in issuing service of process upon them on January 12, 1999 by both certified and ordinary mail. Appellants argue since the trial court did not strictly follow the procedures set forth in Civ.R. 4.6, it did not obtain personal jurisdiction over them. Due to the nature of proceedings in forcible entry and detainer, this court is not persuaded by appellants' argument.
It first must be noted that nothing in the record on appeal indicates service by certified mail upon appellants was returned "unclaimed."[3] Without an adequate record on appeal, this court presumes regularity in the proceedings below; therefore, any further discussion of appellants' argument essentially is academic. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313; cf., O.B. Corp. v. Cordell (1988), 47 Ohio App.3d 170; King v.Hazra (1993), 91 Ohio App.3d 534.
The foregoing observation is supported by the absence of any indication in the record that appellants objected to the trial court's alleged lack of personal jurisdiction over them. Although appellants obtained counsel to represent them, counsel filed no motion to dismiss the action prior to the hearing, and the record fails to reflect counsel raised the issue at the hearing. Hence, appellants' argument was waived for purposes of appeal. See,e.g., Cleveland v. Novak (May 23, 1996), Cuyahoga App. No. 68827, unreported; see, also, First Federal S. L. Assn. of Akron v.Cheton Rabe (1989), 57 Ohio App.3d 137; cf., Maryhew v. Yova
(1984), 11 Ohio St.3d 154; Cincinnati Ins. Co. v. EMGE (1997),124 Ohio App.3d 61; O.B. Corp. v. Cordell, supra.
Furthermore, since forcible entry and detainer actions are designed to provide a "summary, extraordinary and speedy method" for the recovery of real estate, the trial court may determine the Civil Rules are inapplicable to the extent their application frustrates such purpose. Larson v. Umoh (1986), 33 Ohio App.3d 14
at 16; Hocking Metro. Housing Auth. v. Martin (Mar. 5, 1998), Hocking App. No. 97CA9, unreported; Davis v. Reed (June 20, 1996), Cuyahoga App. Nos. 68699, 68700, unreported; see, also,Cuyahoga Metro. Housing Auth. v. Jackson (1981), 67 Ohio St.2d 129
at 130.
This court cannot determine on the scanty record of this case that the trial court's apparently simultaneous issuance of process by both certified and ordinary mail constitutes an improper action.
Accordingly, appellants' first assignment of error is overruled.
Appellants' second assignment of error states:
 THE TRIAL COURT ERRED IN SIGNING THE MAGISTRATE'S DECISION WHICH DID NOT CONTAIN SUFFICIENT INFORMATION TO ENABLE THE TRIAL COURT TO RENDER ITS OWN DECISION.
Appellants argue the trial court had no basis upon which to justify its order issuing the writ of restitution because the magistrate's "decision" lacked any factual findings. This argument has merit.
Quoting the Second Appellate District opinion in Shewman v.Coons (Mar. 20, 1990), Greene App. No. 89-CA 46, unreported, this court stated as follows:
 "*** Where a referee is utilized in forcible entry and detainer cases, his findings of fact must be submitted to the trial judge in such a fashion that the judge is able to determine whether the landlord established his right to the premises. The record in this case contains no evidence of any report and recommendation by the referee from which the trial judge could adequately review the particular facts of the case and make his independent determination." Shewman v. Coons, at — 4 (emphasis in original).
 The same may be said of the record before the trial judge in this case. So far as we can see, the trial court here had no information before it upon which it could independently decide whether a writ of restitution should issue. We do not think it is too much to expect the magistrate to provide the court at least with sufficient information upon which the court may base its independent analysis. See Civ.R. 53(E). The record here would not enable the court to perform its function. We accordingly sustain [appellant's] assignment of error.
Miele v. Ribovich (Sept. 9, 1999), Cuyahoga App. No. 75489, unreported, at 8-9.[4] See, also, Sholiton Industries, Inc. v. RoyalArms, Ltd. (June 4, 1999), Montgomery App. No. 17480, unreported.
Since the record reflects the trial court in this case followed the same improper procedure censured in Miele, supra, appellants' second assignment of error is sustained.
This case is reversed and remanded to the trial court for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. and ANNE L. KILBANE, J. CONCUR.
 _______________________ KENNETH A. ROCCO, JUDGE
[1] This court cannot consider materials appended to an appellate brief that are not contained in the record on appeal.Middletown v. Allen (1989), 63 Ohio App.3d 443.
[2] Appellants' motion for a stay was supported by appellant Robert Franklin's affidavit. Therein, he averred he and his wife had lived on the premises for twenty-four years but, on January 12, 1998, the premises were sold to appellee at a "Sheriff's Sale." Appellant further averred appellee bought the property for substantially less than its appraised value, that he and his wife entered into an agreement with appellee to re-purchase the property, and that appellants were attempting to obtain financing to do so.
[3] See footnote 1.
[4] This court recognizes that on March 1, 2000 the supreme court allowed a discretionary appeal in the case; nevertheless, until the supreme court issues its decision, it remains persuasive authority pursuant to S.Ct.Rep.R. 2(G)(2).