DECISION AND JUDGMENT ENTRY
Roger L. Ward appeals the default judgment entered against him by the Gallipolis Municipal Court. He argues that he did not receive a notice to appear in court to prove that he should not pay damages. Because we find that the trial court properly awarded default judgment, we disagree.
 I.
On December 28, 2000, Motorists Mutual Insurance Company ("Motorists Insurance") filed a complaint against Leonard L. New, Jr. and Roger L. Ward. The complaint alleged that Motorists Insurance had paid damages to James Casto because Casto had been involved in a motor vehicle accident with New. Motorists Insurance alleged that New had operated a motor vehicle negligently causing injuries to Casto and that Ward had negligently entrusted the motor vehicle to New. The clerk of courts sent the complaint along with a summons by certified mail to Ward at a post office box in Vinton, Ohio. On the return receipt the name, "Todd Ward" appeared in the "received by" box.
New filed an answer to the complaint. On March 1, 2001, Motorists Insurance moved for a default judgment against Ward and attached proof of its damages. On March 7, 2001, the trial court entered a default judgment for approximately two thousand nine hundred dollars against Ward.[1]
Ward appeals. Although Ward's brief does not contain assignments of error as required by App.R. 16, he filed the following "assignment of error" with his notice of appeal:
 If I had received a notice to appear in court I would have been there with * * * witnesses on my behalf. I did not know anything about a court date until I received the letter against me and I took it down to the courts and they showed me that someone else got my letter, but I did not. Therefor (sic) I [feel] that I should get my day in court to defend myself on this matter.
 II.
In his only assignment of error, Ward argues that if he had gotten a notice to appear in court, that he could have proved that he never owned the motor vehicle involved in the accident.
We will not reverse a trial court's decision to enter a default judgment absent an abuse of discretion. Huffer v. Cicero (1995),107 Ohio App.3d 65, 74; King v. Stump, (Dec. 28, 1998), Ross App. No. 97CA2349, unreported. An abuse of discretion involves more than an error in judgment; it implies that the trial court acted in an unreasonable, unconscionable, or arbitrary manner. Franklin Cty. Sheriff's Dept. v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506.
A "court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service." RiteRug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62. Absent proper service "the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio."O.B. Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171.
Ward fails to argue that he did not receive proper service of the complaint and summons;[2] rather, he argues that he did not receive notice of a court date when he could prove that he did not own the motor vehicle at issue. Until Ward filed an answer to the complaint denying the allegations, there were no issues to be tried.
We find that the trial court did not act in an unreasonable, unconscionable, or arbitrary manner in granting Motorists Insurance's motion for default judgment because although Motorists Insurance properly served Ward with the complaint and summons, Ward never filed an answer or otherwise appeared in the case. Accordingly, we find that the trial court did not abuse its discretion, and we affirm the judgment of the trial court. We note, however, that if Ward wishes to file a motion to set aside the default judgment he may do so pursuant to Civ.R. 60(B).
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] It is unclear from the record whether the trial court held a hearing on the amount of damages as required by Civ.R. 55. However, Ward does not assert any such error.
[2] Civ.R. 4.1 provides that service of process is evidenced by a return receipt signed by any person. A return receipt for the complaint and summons sent to Ward's post office box and signed by Todd Ward appears in the record. See, also, United Home Fed. v. Thonehouse (1991),76 Ohio App.3d 115 (certified mail service to a post office box may be sufficient).