OPINION
 STATEMENT OF THE FACTS AND CASE
On May 1, 2001, Appellee filed a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction seeking to compel the production of Appellant's corporate books and records pursuant to R.C. §§ 1701.37, 1701.38 and 1701.94.
On May 1, 2001, the trial court filed an Order granting Appellee's Motion for Temporary Restraining Order and scheduled a hearing on the Motion for Preliminary Injunction for May 8, 2001, which was rescheduled to May 7, 2001, via a Nunc Pro Tunc Order filed May 2, 2001.
The docket reflects that a number of attempts at service were made with both personal service and certified mail service failing but with regular U.S. mail service on July 2, 2001, being ultimately successful.
It should be noted that the attempt at personal service by the process server resulted in refusal by the people present at the residence to accept service. The process server ultimately left the documents in the mail box.
On July 9, 2001, Appellee filed a Motion to Show Cause with regard to Ronnie Harris and Appellant's failure to comply with the trial court's order granting the preliminary injunction in this matter.
On July 16, 2001, the trial court granted the Motion to Show Cause.
Again, a certified mail service returned unclaimed.
An attempt at personal service resulted in refusal by the people present at the residence to accept service. The process server ultimately left the documents in plain sight beside the front door.
On September 28, 2001, the trial court ordered a capias for Ronnie Harris for his failure and the failure of B S Transport, Inc. to appear pursuant to the Order to Show Cause.
On October 16, 2001, Ronnie Harris voluntarily appeared before the trial court in both his personal capacity and as a representative of Appellant, B S Transport, Inc. Attorney Terrence Seeberger also appeared at said hearing on behalf of both Ronnie Harris and B S Transport, Inc.
During said hearing, Ronnie Harris and Appellant, through Ronnie Harris, agreed to accept service of all documents in the court file, further agreed to all issues regarding service were resolved and agreed to be bound by the Court's entry granting preliminary injunction.
On October 18, 2001, the trial court filed an Order reflecting that which transpired at the October 16, 2001 hearing.
On November 6, 2001, Appellant and Ronnie Harris filed a Motion for Relief from Judgment Granting Preliminary Injunction.
On November 7, 2001, Appellant B S Transport, Inc. filed the instant appeal
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY ENTERING JUDGMENT AGAINST B 
S TRANSPORT, INC. IN ITS JUDGMENT ENTRY GRANTING PRELIMINARY INJUNCTION AND IN ITS ORDER DATED OCTOBER 18, 2001 BECAUSE THE APPELLEE FAILED TO PERFECT SERVICE OF PROCESS UPON B S TRANSPORT, INC.
Appellant B S Transport, Inc. argues that appellee failed to perfect service of process on it and that therefore the trial court erred in entering judgment against it. We disagree.
As a general rule, before a judgment can be entered against a person process must have been served upon him, or he must have entered an appearance in the action, or he must have affirmatively waived service. Absent any of these circumstances, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. O. B. Corp. v. Cordell (1988),47 Ohio App.3d 170, 547 N.E.2d 1201, syllabus 1. See, also, Beachler v.Ford 77 Ohio App. 41, 60 N.E.2d 330, Zachary v. White (1971),26 Ohio App.2d 97, Rondy v. Rondy (1983), 13 Ohio App.3d 19.
A review of the record reveals that service by regular U.S. mail was sent on July 2, 2001, and was never returned.
However, regardless of whether such regular mail constituted good service, a review of the record in the case sub judice, reveals that at the hearing before the court on October 16, 2001, Defendant Ronnie Harris appeared on behalf of himself and B S Transport, Inc. and waived service of process. Both Defendants were represented by Attorney Terrence Seeberger. (Oct. 16, 2001 T. at 4).
 Mr. Seeberger: Terry Seeberger, I am here with Ronnie Harris. Ronnie Harris is also a representative of the Defendant, B S Transport.
At said hearing, Mr. Harris, through his counsel, stated the following:
 Mr. Seeberger: Ronnie is here. Okay. You are right, Your Honor, when you say services has a very specific meaning. He is here, and we are prepared to live with the orders of the Court —
 The Court: I guess what I need to know, is your client claiming he still to do date has not been served?
Mr. Seeberger: With the complaint?
The Court: With anything?
 Mr. Seeberger: He has not been served with anything. However, to be accommodating we will accept service of the complaint of he motion and the order. I mean he has a copy of the order and he has seen it now.
(October 16, 2001, T. at 15).
* * *
 The Court: All right. As I understand it, as of today there is no dispute with respect to receipt of these documents that are in the Court's filed. Is that accurate?
 Mr. Seeberger: He has a copy of the order, and we have a talked about. I have got a copy of the complaint and other documents from the Court's file. We are here in Court with you.
(October 1, 2001, T. at 16-17)
* * *
 The Court: Well, the service issue is behind us because you are conceding service today; correct?
 Mr. Harris: I have not read any of this. I don't know about this.
The Court: Do they need to serve you right now?
Mr. Harris: I am just saying —
 The Court: No, no answer my question. I have a specific question. You are agreeing that at least minimally as of today you have been served with all the documents and all the orders and all the pleadings in this case, correct?
Mr. Harris: Yes.
 Mr. Seeberger: Ronnie, they could put them in your hands right now and it would be service.
Mr. Harris: Yeah, I am saying —
 The Court: Wait a minute, I don't want a long drawn out answer. It is either yes or no. Are you conceding that as of this moment minimally, that is, as of this moment you are conceding to the receipt of everything in the Court's file?
Mr. Harris: Yes.
 The Court: That is absolutely behind us. I don't want to hear another word about service. Okay.
(October 16, 2001 T. at 25-26).
Appellant further argues that Mr. Harris and Appellant B S Transport, Inc. have conflicting interests and therefore should have had separate legal counsel at the October 16, 2001 hearing.
While each defendant in this matter is entitled to have separate legal counsel if desired, such is not required.
Furthermore, Appellant never raised this issue before the trial court and therefore we will abstain from ruling upon same.
The Court would note, however, that Attorney Patmon aslo stated on the record that he was appearing "on behalf of B S Transport and Ronnie Harris" (Nov. 7, 2001 T. at 9).
For the foregoing reasons, the decision of the trial court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.
By Boggins, J., Farmer, P.J. and Wise, J. concur.