[Cite as *Lambda Research, Inc. v. Jacobs*, 2013-Ohio-348.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LAMBDA RESEARCH INC., | : | APPEAL NO. C-100796 |
| | | TRIAL NO. A-0307855 |
| and | : | |
| SURFACE ENHANCEMENT | : | *O P I N I O N.* |
| TECHNOLOGIES, LLC, | | |
| | : | |
| Plaintiffs-Appellees, | | |
| | : | |
| vs. | | |
| | : | |
| TERRY JACOBS, | | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 6, 2013

*Zachary Gottesman* and *James Keller*, for Plaintiffs-Appellees,

*Wood, Herron & Evans, L.L.P., Gregory F. Ahrens,* and *Brett Schatz*, for Defendant-Appellant.

Per Curiam.

{¶1}   Defendant-appellant Terry Jacobs appeals from a judgment in favor of his former employer, plaintiffs-appellees Lambda Research, Inc., and Surface Enhancement Technologies LLC (collectively Lambda), following a three-week jury trial. Finding none of his six assignments of error meritorious, we affirm the trial court's judgment.

{¶2}   In his first and second assignments of error, Jacobs argues the trial court erred in denying his motion for judgment notwithstanding the verdict, or in the alternative, his motion for a new trial, because Lambda failed to prove the element of causation on its tortious-interference-with-business-relationship claim, and it failed to prove the elements of causation and damages on its breach-of-contract claim, misappropriation-of-trade-secrets claim, and civil-conspiracy claim, and therefore, the jury's verdict on those claims was not supported by the evidence.

{¶3}   In reviewing the trial court's denial of Jacobs's motion for judgment notwithstanding the verdict, we construe the evidence most strongly in favor of Lambda. *See* Civ.R. 50(A)(4) and (B).   A motion for judgment notwithstanding the verdict must be denied when substantial, competent evidence has been presented from which reasonable minds could draw different conclusions.  *See Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 3-4.

{¶4}   After reviewing all the evidence presented in this case, we conclude that reasonable minds could have differed on whether Jacobs had (1) tortiously interfered with Lambda's business relationships with General Electric and Pratt & Whitney; (2) breached his employment contract causing Lambda damages; (3) misappropriated Lambda's trade secrets causing it to lose profits; and (4) acted in malicious combination

with his new employer to cause Lambda injury. Consequently, the trial court did not err in denying Jacobs's motion for judgment notwithstanding the verdict on those claims.

{¶5} Jacobs alternatively argues that the trial court erred in denying his motion for a new trial because the jury's verdict was against the manifest weight of the evidence. *See* Civ.R. 59(A)(6). We review a trial court's decision to deny a motion for new trial for an abuse of its discretion. *See Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312, 649 N.E.2d 1219 (1995). The trial court did not abuse its discretion in denying Jacobs's motion for a new trial because the jury's verdict was amply supported by the record. We, therefore, overrule his first and second assignments of error.

{¶6} In his third assignment of error, Jacobs argues that the trial court erred to his prejudice in admitting into evidence speculative and uncorroborated testimony and exhibits of budgetary forecasting and by failing to grant remittitur based on these errors.

{¶7} Jacobs argues that the trial court abused its discretion in admitting testimony from Lambda's expert, Jeffery Long. The record reflects that prior to trial, Jacobs asked the trial court to exclude Long's testimony as a matter law. The trial court refused, but stated that it was making no ruling on whether Long's testimony would be admissible at trial.

{¶8} When Long began testifying, Jacobs's counsel stated that he wanted to voir dire Long before he proffered his opinion. The trial court stated that Lambda's counsel should have an opportunity to qualify Long, and that Jacobs's counsel could voir dire him, if plaintiff had n0t done so. A discussion was then held off the record followed by a brief recess.

{¶9} Following questioning by Lambda's counsel, Lambda's counsel asked the court to permit Long to provide opinion testimony. The court asked Jacobs's counsel if

he wanted to voir dire Long. Jacobs's counsel replied, "No, although I object to his qualification to provide testimony on patent licensing and reasonable royalty * * * as there has been nothing to qualify that witness in that very niche field of damages. But I will save the remainder of my issues for cross-examination." The court then asked Lambda's counsel if he wanted to ask Long about his qualifications on those issues. Following more testimony, Lambda's counsel tendered Long as an expert witness. The court then stated it would accept his testimony, without any objection from Jacobs's counsel. Long then testified without any further objection by Jacobs's counsel.

{¶10} Jacobs's failure to object to the admission of Long's testimony at trial denied the trial court the opportunity to effectively correct any error. We decline to label as plainly erroneous Long's testimony when it was not met with the appropriate objections. *See Suida v. Howard*, 1st Dist. Nos. C-000656 and C-000687, 2002-Ohio-2292, ¶ 18-19 quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶11} Moreover, we cannot say that the trial court abused its discretion in denying JacobS's motion for remittitur of damages on the misappropriation-of-trade-secrets claim. "The assessment of damages is usually entirely within the discretion of the jury, and the trial court is disallowed to alter a jury's decision." *See Innovative Technologies Corp. v. Advanced Mgt. Technology*, 2d Dist. No. 23819, 2011-Ohio-5544, ¶ 68. The trial court did not err in denying Jacobs's motion for remittitur where the jury's award of damages was not so excessive as to appear to be the result of passion or prejudice, and the amount awarded was not against the manifest weight of the evidence. *See id.* at ¶ 68 and 108. We, therefore, overrule Jacobs's third assignment of error.

4

{¶12} In his fourth assignment of error, Jacobs argues that "the trial court erred in not vacating the judgment against him for conspiracy with a codefendant when the codefendant was admittedly not properly served under the Hague Services Convention and not under the court's jurisdiction."

{¶13} The record reveals that prior to trial, Ecoroll AG, a German company, had filed a motion to dismiss Lambda's claims against it, pursuant to Civ.R. 3(A), based upon its allegations that Lambda had failed to properly serve it under the terms of the Hague Convention. Lambda filed a memorandum opposing the motion to dismiss, arguing that it had perfected service of process upon Ecoroll AG by serving Ecoroll Corp. Tool Technology, its wholly owned subsidiary and involuntary domestic agent, at its offices in Milford, Ohio. Thus, Lambda argued that the Hague Services Convention did not apply. The trial court denied Ecoroll AG's motion to dismiss. Ecoroll AG subsequently renewed the motion, which the trial court again denied.

{¶14} Following the jury's verdict in favor of Lambda, the trial court journalized a December 16, 2009 entry, which provided that Jacobs, Ecoroll AG, and Ecoroll Corp. Tool Technology were jointly and severally liable. Ecoroll AG and its wholly owned subsidiary, Ecoroll Corp. Tool Technology, ("the Eocoroll defendants") subsequently entered into a settlement agreement with Lambda. On June 1, 2011, the trial court entered an order that (1) enforced the settlement agreement, (2) partially vacated the December 16, 2009 judgment entry and the related March 24, 2010 decision awarding attorney fees against the Ecoroll defendants, and (3) dismissed all of Lambda's claims against Ecoroll AG and Ecoroll Corp. Tool Technology with prejudice.

{¶15} In a June 1, 2010 order, the Ecoroll defendants, and Lambda expressly consented to the trial court maintaining jurisdiction to enforce the settlement agreement between them "without waiving the affirmative defenses of insufficiency of process and

lack of personal jurisdiction." The June 1, 2010 order further provided that Jacobs was not a party to the Ecoroll defendants' agreement with Lambda, and that the entry "d[id] not vacate any judgment, terminate any execution proceeding, or apply to any claims brought against or by Defendant Terry Jacobs." The trial court subsequently entered final judgment on the jury's verdict on June 11, 2010, against Jacobs.

{¶16} Jacobs's argument that an alleged failure of personal service on Ecoroll AG justifies vacation of the final judgment against him is feckless. Whether service of process was properly perfected on Ecoroll AG is a personal defense to Ecoroll AG. Ecoroll AG, the only party who asserted that affirmative defense, has settled with Lambda and has been dismissed from the case.

{¶17} Jacobs's reliance on *O.B. Corp. v. Cordell*, 47 Ohio App.3d 170, 547 N.E.2d 1201 (10th Dist.1988) is also misplaced. Jacobs cites *Cordell* for the proposition that even if Ecoroll AG was still part of the litigation and if there were a judgment against it, that such a judgment would be void ab initio and that it "necessarily follows" that there can be no judgment against him. But the court in *Cordell* never considered vacating a judgment against a properly served party based upon an argument that another party was not properly served. *Id.* at 172. Rather, the court considered only whether judgment could be entered against two defendants, neither of which had been served. *Id.*

{¶18} Jacobs's reliance on *Rondy v. Rondy*, 13 Ohio App.3d 19, 468 N.E.2d 81 (9th Dist.1983) is similarly misplaced. *Rondy* fails to address, much less support, Jacobs's argument that a judgment against one party is void based on the possibility that a judgment could not be properly entered against a codefendant. *Rondy* involved a modification of a child support order where the other party to the divorce proceedings, the wife, had not been served with notice of the motion for modification and had no

opportunity to protect her interest in the proceeding. *Id.* at 19-20. The wife challenged the trial court's orders, and the appellate court concluded that they were void ab initio. *Id.* at 20-21.

{¶19} Jacobs has not set forth any case law to support his argument that he has standing to attack a valid judgment against him based upon a purported lack of service of process on or a lack of personal jurisdiction over a codefendant, who has subsequently settled with the plaintiff and has been dismissed from the lawsuit with prejudice. As a result, the trial court did not err in denying his motion to vacate the judgment against him on this basis. We, therefore, overrule his fourth assignment of error.

{¶20} In his fifth assignment of error, Jacobs argues that the trial court erred by failing to dismiss Lambda's claims against him in favor of arbitration. But Jacobs waived any right he may have had for this court to review the parties' arbitration agreement by failing to timely appeal from the trial court's September 2004 order denying his request for arbitration.

{¶21} In August 2004, Jacobs filed a motion to dismiss the proceedings in the trial court and to compel arbitration under his contract with Lambda. Lambda filed a memorandum opposing the motion. Jacobs filed a reply memorandum in which he asserted that the trial court should, at a minimum, stay the proceedings pending arbitration. On September 14, 2004, the trial court denied Jacobs's motion.

{¶22} R.C. 2711.02(C) provides that

[e]xcept as provided in division (D) of this section, *an order* under division B of this section *that grants or denies a stay of a trial of any action pending arbitration* including but not limited to, an order that is based upon a determination that a party has waived arbitration under the arbitration agreement *is a final order* and may be reviewed, affirmed,

7

modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and to the extent not in conflict with those rules, Chapter 2505 of the Revised Code. (Emphasis added.)

The Ohio Supreme Court has held that "R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B)." *See Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, syllabus.

{¶23}    Because R.C. 2711.02(C) defines an order denying a motion to stay proceedings pending arbitration as a final appealable order, Jacobs had 30 days in which to appeal the trial court's order denying his motion to stay proceedings pending arbitration. *See* App.R. 4. By failing to timely appeal the trial court's September 2004 order, and then engaging in years of protracted litigation, including a three-week jury trial, Jacobs waived his right to argue the merits of the trial court's arbitration ruling. *See Green Tree Servicing LLC v. Kramer*, 193 Ohio App.3d 140, 2011-Ohio-1408, 951 N.E.2d 146, ¶ 19-25 (2d Dist.); *Smith v. Williams*, 10th Dist. No 09AP-732, 2010-Ohio-1381, ¶ 13-16; *compare Welsh v. Indiana Ins. Co.*, 5th Dist. No. 2005-CA-00327, 2006-Ohio-6803 ¶ 17 (applying res judicata instead of waiver). We, therefore, overrule his fifth assignment of error.

{¶24}    In his sixth assignment of error, Jacobs argues that the trial court erred in awarding Lambda attorney fees for the breach-of-contract, tortious-interference, and conspiracy claims when there was no statutory basis for the award of attorney fees.

{¶25}    We review a trial court's award of attorney fees under an abuse-of-discretion standard. *Bittner* v. *TriCounty Toyota*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991); *see Hollingsworth v. Time Warner Cable*, 168 Ohio App.3d 658, 2006-Ohio-4903, 861 N.E.2d 580, ¶ 81-86 (1st Dist.). The Ohio Supreme Court has held that

when there are claims in a case that can be separated into those for which attorney fees are recoverable and those for which no fees are recoverable, "the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." *Bittner* at 145.

{¶26} Jacobs does not challenge Lambda's entitlement to attorney fees for the misappropriation-of-trade-secrets claim. *See* R.C. 1333.64(C). Rather, he argues that the trial court was required to reduce the amount of attorney fees to reflect only those fees incurred by Lambda in pursuing that claim. But the record reflects that Lambda's expert witness, Carl Stitch, testified that he could not allocate an amount of attorney fees for the misappropriation claim when it had been interrelated with the civil-conspiracy, tortious-interference, and breach-of-contract claims, when the claims had been successfully tried as a whole, and when they all shared a common core of facts. Stitch further testified that the billing statements did not break down the amount of time Lambda's attorneys had spent on each claim.

{¶27} Jacobs did not present any evidence to contradict Stitch's testimony, nor did he call any of Lambda's attorneys to try to discern a breakdown of the fees for each claim. On the state of this record, we cannot say that the trial court abused its discretion in awarding Lambda attorney fees on the breach-of-contract, tortious-interference, and conspiracy claims. *See Miller v. Grimsley*, 197 Ohio App.3d 167, 2011-Ohio-6049, 966 N.E.2d 932, ¶ 17-19 (10th Dist.); *New Concept Hous. Inc. v. United Dept. Stores Co*, 1st Dist. No. C-080504, 2009-Ohio-2259, ¶ 32-42; *Hollingsworth* at ¶ 81-86; *Parker v. I & F Insulation Co.*, 1st Dist. No. C-960602, 1998 Ohio App. LEXIS 1187, *20-22 (Mar. 27, 1998). We, therefore, overrule Jacobs's sixth assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT, P.J., SUNDERMANN** and **HENDON, JJ.** concur.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

Please Note:
   The court has recorded its own entry this date.

