[Cite as *Covenant Dove Holding Co., L.L.C. v. Mariner Health Care, Inc.*, 2013-Ohio-3824.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| COVENANT DOVE HOLDING COMPANY, LLC, COVENANT DOVE, LLC, ARK HOLDING, INC., ARK REAL ESTATE, LLC, ARK MISSISSIPPI HOLDING COMPANY, LLC, CORNERSTONE HEALTH & REHAB OF CORINTH, LLC, d.b.a. CH&R OF CORINTH LLC, COVENANT HEALTH & REHAB OF PICAYUNE, LLC, d.b.a. CH&R OF PICAYUNE, LLC, COVENANT HEALTH & REHAB OF VICKSBURG, LLC, d.b.a. CH&R OF VICKSBURG, LLC, TRINITY MISSION HEALTH & REHAB OF CLINTON, LLC, d.b.a. TM H&R OF CLINTON, LLC, TRINITY MISSION HEALTH & REHAB OF GREAT OAKS, LLC, d.b.a. TM H&R OF GREAT OAKS, LLC, CRYSTAL HEALTH & REHAB OF GREENWOOD, LLC, d.b.a. CH&R OF GREENWOOD, LLC, GRACE HEALTH & REHAB OF GRENADA, LLC d.b.a. GH&R OF GRENADA, LLC, TRINITY MISSION HEALTH & REHAB OF HOLLY SPRINGS, LLC d.b.a. TM H&R OF HOLLY SPRINGS, LLC, JOY HEALTH & REHAB OF CLEVELAND, LLC, CLEVELAND RE, LLC, SONG HEALTH & REHAB OF COLUMBIA, COLUMBIA RE, LLC, LIBERTY HEALTH & REHAB OF INDIANOLA, LLC, INDIANOLA RE, LLC, CROWN HEALTH & REHAB OF NATCHEZ, LLC, NATCHEZ RE, LLC, OASIS HEALTH & REHAB OF YAZOO CITY, LLC, YAZOO CITY RE, LLC, DOVE HEALTH & REHAB OF COLLIERVILLE, COLLIERVILLE RE, LLC, RAINBOW HEALTH & REHAB OF MEMPHIS, and MEMPHIS RE, LLC,<br><br>                    Plaintiffs-Appellees, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | APPEAL NO. C-120878<br>TRIAL NO. A-0805955<br><br>*O P I N I O N.* |

:

vs.

:

MARINER HEALTH CARE, INC.,
FMSC LEASEHOLD, LLC, FMSC :
COLLIERVILLE OPERATING
COMPANY, LLC, FMSC MEMPHIS :
OPERATING COMPANY, LLC, DMSC
LEASEHOLD, LLC, DYNAMIC YAZOO :
CITY OPERATING COMPANY LLC,
DYNAMIC NATCHEZ OPERATING :
COMPANY, LLC, DYNAMIC
INDIANOLA OPERATING COMPANY, :
LLC, DYNAMIC COLUMBIA
OPERATING COMPANY, LLC, :
DYNAMIC CLEVELAND OPERATING
COMPANY, LLC, NATIONAL SENIOR :
CARE, INC., MHC HOLDING
COMPANY, MHC MID AMERICA :
HOLDING COMPANY, NATIONAL
HERITAGE REALTY, INC., MARINER :
HEALTH CARE MANAGEMENT
COMPANY, and MARINER HEALTH :
CENTRAL, INC.,

:

      Defendants-Appellants.

:

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 6, 2013

*Keating, Muething & Klekamp, PLL, Michael Scheier* and *Benjamin G. Stewart*, for
Plaintiffs-Appellees,

*Robinson, Curphey & O'Connell, LLC, Peter N. Lavalette* and *Jason M. Van Dam*,
for Defendants-Appellants.

Please note:  this case has been removed from the accelerated calendar.

2

**HENDON**, **Presiding Judge.**

{¶1}    Defendants-appellants, collectively referred to as "Mariner," appeal the trial court's judgment awarding attorney fees to plaintiffs-appellees, collectively referred to as "Covenant Dove." For the following reasons, we reverse the trial court's judgment and remand this cause for further proceedings.

## Procedural Posture

{¶2}    Covenant Dove sued Mariner for breach of contract, specific performance, and attorney fees alleging in essence that Mariner had failed to abide by a settlement agreement pertaining to the transfer of operation of seven skilled nursing home facilities.  The attorney-fee claim alleged that Mariner had acted in bad faith. Prior to trial, Covenant Dove moved for summary judgment on its breach of contract and specific performance claims.  Covenant Dove's motion was denied, and the case proceeded to trial.  Eight days into a jury trial, after Mariner had rested, Covenant Dove "renewed" its motion for summary judgment. Despite this procedural irregularity, the court entertained the motion.  Covenant Dove also moved for a directed verdict in its favor on a counterclaim that had been raised by Mariner.

{¶3}    Covenant Dove and Mariner presented arguments to the court concerning the breach of contract and specific performance claims, and on Mariner's counterclaim.  Neither party nor the trial court addressed the issue of attorney fees, nor did Covenant Dove ever move the trial court for judgment on this claim.  Nevertheless, the trial court's entry indicated that it had ruled in favor of Covenant Dove on all claims in its complaint—which by definition included Covenant Dove's claim for attorney fees. Mariner appealed.

{¶4} In Mariner's first appeal, we held that the trial court had properly entered judgment on Covenant Dove's claims for breach of contract and specific performance, and that it had also properly entered a directed verdict in favor of Covenant Dove on Mariner's counterclaim. Although Mariner had raised an assignment of error pertaining to the attorney-fee award, we determined that this claim had not yet been adjudicated, and therefore that it was not ripe for our review. We remanded the case to the trial court for resolution of this claim.

{¶5} On remand, the court conducted a hearing on the amount of fees to be awarded. Covenant Dove did not attempt to establish that Mariner had acted in bad faith, and the trial court made no bad-faith finding. Following the hearing, the court entered a $658,644.50 judgment in favor of Covenant Dove. It is from this judgment that Mariner now appeals.

{¶6} In its sole assignment of error, Mariner claims that the trial court erred when it awarded attorney fees to Covenant Dove. Mariner is correct. We review the trial court's judgment for an abuse of discretion. *Lambda Research Inc. v. Jacobs*, 1st Dist. Hamilton No. C-100796, 2013-Ohio-348, ¶ 25.

**The Bad-Faith Exception to the American Rule**

{¶7} "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Willborn v. Banc One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. An exception to this rule is where the losing party has acted in bad faith. *Id.* "Bad faith" is more than bad judgment or negligence. *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 81. It implies a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty due to ulterior

motive, ill will comparable to fraud, or an actual intent to mislead or deceive another. *Id.* A party seeking attorney fees based on the bad-faith exception to the American rule "must be the prevailing party in the litigation, and then must prove that his opponent acted in bad faith." *Strum v. Strum*, 63 Ohio St.3d 671, 675, 590 N.E.2d 1214 (1991). If a trial court makes a finding that the losing party had acted in bad faith, and if that finding is supported by the record, an award of attorney fees is warranted. *SST Bearing Corp. v. Twin City Fan Cos.*, 1st Dist. Hamilton No. C-110611, 2012-Ohio-2490, ¶ 29-30; *see Wright v. Fleming*, 1st Dist. Hamilton No. C-070121, 2008-Ohio-1435, ¶ 5 (recognizing that an award of attorney fees may be granted upon a finding by the trial court of bad-faith conduct, but reversing the award of attorney fees because the trial court had not made such a finding).

{¶8} Here, Covenant Dove made no attempt to establish that Mariner had acted in bad faith. And the trial court made no such finding. We therefore hold that the trial court erred when it awarded attorney fees to Covenant Dove.

## Jurisdiction

{¶9} Mariner also argues that the trial court's judgment must be vacated because the court did not have subject-matter jurisdiction absent a finding of bad faith. It cites *Internatl. Lottery, Inc. v. Kerouac*, 102 Ohio App.3d 660, 657 N.E.2d 820 (1st Dist.1995) in support of this argument.

{¶10} In *Kerouac*, we reversed the trial court's award of attorney fees for plain error and for lack of subject-matter jurisdiction. *Id.* at 669. In that case, the prevailing party had never moved the court for attorney fees and none of the exceptions to the American rule existed. We held that, under these circumstances, the trial court did not

have jurisdiction to enter an award of attorney fees because there was no basis for the award. *Id.* at 670-671.

{¶11} By contrast, in this case it is not disputed that Covenant Dove pleaded a claim for attorney fees based on the bad-faith conduct of Mariner. *Kerouac* therefore does not apply. The trial court had the authority to hear and decide this claim. *See Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). Mariner's argument has no merit.

## Compensatory Damages

{¶12} Finally, Mariner argues that the award of attorney fees in this case cannot be considered compensatory damages. Citing *Shankar v. Columbus Warehouse Ltd. Partnership*, 10th Dist. Franklin No. 99AP-772, 2000 Ohio App. LEXIS 2391 (June 6, 2000), Covenant Dove claims that the fee award can be affirmed on this basis. Mariner is correct.

{¶13} In *Shankar*, the Tenth Appellate District held that "[w]hen a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim." *Id.* at *15.

{¶14} We acknowledge that, in its amended complaint, Covenant Dove alleged that Mariner had breached its settlement agreement with Covenant Dove and that, as a result, Covenant Dove sought compensatory damages including attorney fees. But the trial court's judgment in this case states that $1,340,810.29 is the "*total* amount of Covenant Dove's compensatory damages less the $106,223.86 that Covenant Dove admitted holding as a recoupment against the larger amount owed by Mariner." (Emphasis added.) The total amount of compensatory damages in this case did not

6

include an award of attorney fees. And Covenant Dove has never challenged the amount of the compensatory damage award.

### Conclusion

**{¶15}** Mariner's assignment of error is sustained. The judgment of the trial court awarding Covenant Dove attorney fees is reversed, and this cause is remanded to the trial court to determine whether Mariner acted in bad faith and to proceed accordingly. We note that neither party contested the amount of fees awarded.

Judgment reversed and cause remanded.

**HILDEBRANDT** and **DINKELACKER, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.